1  JOSHUA E. KIRSCH (179110)
   jkirsch@gibsonrobb.com
2  JENNIFER TOMLIN SANCHEZ (191548)
   jsanchez@gibsonrobb.com
3  MARISA G. HUBER (254171)
   mhuber@gibsonrobb.com
4  GIBSON ROBB & LINDH LLP
   201 Mission Street, Suite 2700
5  San Francisco, California 94105
   Telephone:   (415) 348-6000
6  Facsimile:   (415) 348-6001

7  Attorneys for Plaintiffs
   LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC.                **SC**
8

9
                       UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA

12                                        **CV 14 0447**

13  LG ELECTRONICS U.S.A., INC. and LG      )    Case No.
    ELECTRONICS, INC.,                      )
14                                          )    **VERIFIED COMPLAINT *IN REM* WITH**
              Plaintiffs,                   )    **REQUEST FOR WARRANT OF ARREST**
15                                          )    **PURSUANT TO SUPPLEMENTAL**
         v.                                 )    **ADMIRALTY AND MARITIME RULE C**
16                                          )
    M/V STADT FREIBURG, its engines,        )    **[IN ADMIRALTY]**
17  tackle and apparel, *in rem*; STADT     )
    FREIBURG T&H SCHIFFAHRTS GMBH           )
18  & CO KG, *in personam*; EVERGREEN       )
    MARINE CORP., *in personam*; and        )
19  HANJIN SHIPPING CO., LTD., *in          )
    personam*,                              )
20                                          )
              Defendants.                   )
21                                          )
                                            )
22                                          )

23      Plaintiffs LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC. (hereinafter

24  collectively "LG") complain of the defendants: *M/V STADT FREIBURG*, its engines, tackle and

25  apparel, defendant *in rem* ("Vessel"); STADT FREIBURG T&H SCHIFFAHRTS GMBH & CO

26  KG, *in personam*; EVERGREEN MARINE CORP., *in personam*; and HANJIN SHIPPING CO.,

27  LTD., *in personam*, and allege upon information and belief as follows:

28  / / /

---
**VERIFIED COMPLAINT *IN REM* WITH REQUEST FOR WARRANT OF ARREST PURSUANT TO SUPPLEMENTAL
ADMIRALTY AND MARITIME RULE C**
Case No. _____; Our File No. 5475.56

1                               **JURISDICTION AND VENUE**

2       1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully

3 appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal

4 Rules of Civil Procedure. The Court has subject matter jurisdiction. Additionally, Plaintiffs'

5 complaint contains a cause of action for damage to cargo arising under a statute of the United

6 States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *et seq.*, and is therefore

7 within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein.

8 Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper

9 under 28 U.S.C. § 1391(b).

10                                          **PARTIES**

11       2.      At all material times, LG ELECTRONICS U.S.A., INC. was and is now a

12 corporation organized and existing under the laws of Delaware, U.S.A.

13       3.      At all material times, LG ELECTRONICS, INC. was and is now a corporation

14 organized and existing under the laws of the Republic of Korea.

15       4.      At all material times, the Vessel was an ocean-going vessel in international

16 commerce. The Vessel is currently or is anticipated to arrive shortly in this District, at the Port of

17 Oakland.

18       5.      Plaintiffs are informed and believe that at all material times STADT FREIBURG

19 T&H SCHIFFAHRTS GMBH & CO KG was and is now a company organized and existing

20 under the laws of the Federal Republic of Germany, and is now and at all times herein material

21 was engaged in business as an owner and/or owner *pro hac vice* of the Vessel.

22       6.      Plaintiffs are informed and believe that at all material times EVERGREEN

23 MARINE CORP. was and is now a company organized and existing under the laws of the

24 Republic of China (Taiwan), and is now and at all times herein material was engaged in business

25 as a common carrier for hire within the United States and within this judicial district, and/or

26 engaged in business as an owner and/or owner *pro hac vice* of the Vessel.

27       7.      Plaintiffs are informed and believe that at all material times HANJIN SHIPPING

28 CO., LTD. was and is now a company organized and existing under the laws of the Republic of

1  Korea, and is now and at all times herein material was engaged in business as a common carrier

2  for hire within the United States and within this judicial district.

3  **FACTS**

4  8.  Plaintiffs are informed and believe that on or about January 10, 2014, at Nanjing

5  and/or Shanghai People's Republic of China, Defendants received at least fourteen-thousand-

6  eight-hundred-forty-three (14,843) cartons of goods within at least forty-eight (48) containers

7  containing LG electronics and appliances including, but not limited to, washing machines and

8  LCD monitors, for loading onboard the Vessel. A list of the containers is attached hereto as

9  **Exhibit A**.

10  9.  Defendants agreed, under contracts of carriage and in return for good and valuable

11  consideration, to carry said cargo from Nanjing and/or Shanghai to Fontana, California, and there

12  deliver said cargo to the lawful holder of the relevant bills of lading (covering the containers

13  listed in Exhibit A), and others, in the same good order, condition, and quantity as when

14  received.

15  10.  LG is informed and believes that on or about January 19, 2014, that at least

16  fourteen-thousand-eight-hundred-forty-three (14,843) cartons of goods within at least forty-eight

17  (48) of the above-referenced containers onboard the Vessel were lost at sea and/or damaged.

18  11.  Based on the information available to date, LG is informed and believes that the

19  electronics and appliances lost at sea and/or damaged had an invoice value of $2,968,248.55. A

20  spreadsheet reflecting this calculation is attached as Exhibit A hereto. The sound market value of

21  the cargo at destination is currently estimated to be $3,730,000.

22  **CLAIMS *IN REM* AGAINST THE VESSEL SUPPLEMENTAL RULE C**

23  12.  LG repeats and re-alleges the foregoing paragraphs.

24  13.  LG possesses a maritime lien in rem against the Vessel in that amount being

25  $3,730,000, plus interest and costs.

26  / / /

27  / / /

28  / / /

---
VERIFIED COMPLAINT *IN REM* WITH REQUEST FOR WARRANT OF ARREST PURSUANT TO SUPPLEMENTAL
ADMIRALTY AND MARITIME RULE C
Case No. _____; Our File No. 5475.56                                    - 3 -

1    14.    LG has suffered damages as a result of damage to or loss of its electronics and

2 appliances loaded clean on board the Vessel. LG holds a maritime lien against the Vessel in the

3 amount set out immediately above, and respectfully requests that this Court enter judgment in its

4 favor against the Vessel *in rem* for this amount, as set out below.

## CLAIMS AGAINST DEFENDANTS IN PERSONAM

6    15.    LG repeats and re-alleges the foregoing paragraphs.

7    16.    After Defendants received LG's electronics and appliances referenced above, in

8 breach of and in violation of said agreement under contract of carriage, Defendants did not

9 deliver said cargo in the same good order, condition, and quantity as when received at Nanjing,

10 and/or Shanghai People's Republic of China. To the contrary, Defendants failed to deliver the

11 cargo at all, and/or delivered the cargo in a damaged condition, causing a loss estimated to be

12 $3,730,000.

13    17.    Plaintiffs have therefore been damaged in the sum of $3,730,000, or another

14 amount according to proof at trial, no part of which has been paid, despite demand therefor.

15    WHEREFORE, Plaintiffs LG pray:

16    (A)    Count I (*in rem* against the Vessel):

17    (1)    That this Court enter judgment against the Vessel, *in rem*, ordering that

18 LG's claims of at least $3,730,000, plus interest and costs be paid from the

19 proceeds of the sale of the Vessel;

21    (2)    That process in due form of law issue against the Vessel, pursuant to

22 Supplemental Rule C, citing any claimant to the Vessel to appear and answer

23 under oath all and singular the matters alleged in the Verified Complaint;

25    (3)    That the Vessel, its engines, tackle, freights, and apparel be sold in the

26 arrest pursuant to Supplemental Rule C to the extent of the amount of LG's total

27 claims, at the time of the sale; and

1       (4)     That this Court award Plaintiffs LG such other and further relief that this

2               Court deems just and proper.

3

4   (B)     Count II (*in personam* against defendants):

5

6       (1)     That this Court enter judgment in LG's favor and against the *in personam*

7               defendants;

8

9       (2)     That this Court decree payment by defendants to LG in the sum of at least

10              $3,730,000, together with prejudgment interest thereon and costs of suit

11              herein; and

12

13      (3)     That this Court award Plaintiffs LG such other and further relief that this

14              Court deems just and proper.

15

16  Dated: January 29, 2014                    GIBSON ROBB & LINDH LLP

17

18

19                                             Joshua E. Kirsch
                                               jkirsch@gibsonrobb.com
                                               Attorneys for Plaintiffs
20                                             LG ELECTRONICS U.S.A., INC. and
                                               LG ELECTRONICS, INC.
21

22

23

24

25

26

27

28

**VERIFIED COMPLAINT *IN REM* WITH REQUEST FOR WARRANT OF ARREST PURSUANT TO SUPPLEMENTAL ADMIRALTY AND MARITIME RULE C**
Case No. _____; Our File No. 5475.56                                          - 5 -

1

# **VERIFICATION**

2          I am a partner of Gibson Robb & Lindh LLP, attorneys for

3 Plaintiffs in this action.

4          The facts alleged in the foregoing Verified Complaint are true and correct to the best of

5 my knowledge and information, and based upon records of Plaintiffs made available to me by

6 Plaintiffs. Authorized officers of Plaintiffs are not readily available in this District to make

7 verification on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

8 Pursuant to 28 USC § 1746, I solemnly declare under penalty of perjury that the foregoing is true

9 and correct.

10

11          Executed on January 29, 2014

12

13

14                                           Joshua E. Kirsch

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| CNTR No. | Customs Description | QTY | Invoice Value |
|---|---|---|---|
| DFSU6830821 | LCD MONITOR | 1,086 | $ 182,527.67 |
| SENU5040513 | LCD MONITOR | 1,255 | $ 200,640.91 |
| HJCU1072348 | LCD MONITOR | 1,694 | $ 213,211.84 |
| DRYU9282084 | LCD MONITOR | 1,411 | $ 161,506.28 |
| SENU5052303 | LCD MONITOR | 1,840 | $ 210,610.60 |
| HJCU1511271 | LCD MONITOR | 1,649 | $ 171,509.27 |
| HJCU1250985 | LCD MONITOR | 1,308 | $ 203,389.60 |
| SLSU9008549 | LCD MONITOR | 1,000 | $ 184,042.90 |
| GESU6128821 | LG WASHING MACHINE | 90 | $ 39,593.70 |
| TEMU6203398 | LG WASHING MACHINE | 90 | $ 37,731.60 |
| HJCU1582130 | LG WASHING MACHINE | 90 | $ 37,731.60 |
| TEMU6236196 | LG WASHING MACHINE | 90 | $ 37,731.60 |
| DFSU6024132 | LG WASHING MACHINE | 90 | $ 42,626.70 |
| CRSU9336841 | LG WASHING MACHINE | 90 | $ 34,596.40 |
| TEMU6202956 | LG WASHING MACHINE | 90 | $ 39,593.70 |
| GESU6783340 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| BMOU4745061 | LG WASHING MACHINE | 90 | $ 36,275.40 |
| HJCU1681112 | LG WASHING MACHINE | 90 | $ 36,275.40 |
| HJCU1961411 | LG WASHING MACHINE | 90 | $ 36,275.40 |
| TRLU7360670 | LG WASHING MACHINE | 90 | $ 36,275.40 |
| BHCU4962500 | LG WASHING MACHINE | 90 | $ 34,293.00 |
| DRYU9669221 | LG WASHING MACHINE | 90 | $ 33,969.50 |
| CXDU1842010 | LG WASHING MACHINE | 90 | $ 35,601.70 |
| GESU6621360 | LG WASHING MACHINE | 90 | $ 35,456.38 |
| INKU6249190 | LG WASHING MACHINE | 90 | $ 36,316.90 |
| BSIU9239837 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| HJCU4293595 | LG WASHING MACHINE | 90 | $ 34,976.10 |
| HJCU1571373 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| HJCU1633006 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| DRYU9656883 | LG WASHING MACHINE | 90 | $ 40,679.10 |
| CRSU9307416 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| TRLU7211954 | LG WASHING MACHINE | 90 | $ 40,679.10 |
| DRYU9626940 | LG WASHING MACHINE | 90 | $ 36,316.90 |
| HJCU1235804 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| TCNU7456934 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| TCNU6273841 | LG WASHING MACHINE | 90 | $ 36,256.50 |
| HJCU1437180 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| HJCU1540428 | LG WASHING MACHINE | 90 | $ 35,718.00 |
| BSIU9423551 | LG WASHING MACHINE | 90 | $ 36,256.50 |
| SENU5033113 | LG WASHING MACHINE | 90 | $ 36,256.50 |
| TGHU8764379 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| FSCU9540550 | LG WASHING MACHINE | 90 | $ 32,124.60 |
| SENU5044231 | LG WASHING MACHINE | 90 | $ 41,952.70 |
| SEGU4228868 | LG WASHING MACHINE | 90 | $ 40,679.10 |
| HJCU1654380 | LG WASHING MACHINE | 90 | $ 40,679.10 |
| HJCU1144854 | LG WASHING MACHINE | 90 | $ 36,256.50 |
| HJCU1678696 | LG WASHING MACHINE | 90 | $ 36,256.50 |
| HJCU1681684 | LG WASHING MACHINE | 90 | $ 36,256.50 |
| | Total | 14,843 | $ 2,968,248.55 |